IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KEITH BALDWIN, RONALD VILORIA, MICHAEL W. HALE, and ANNA SAWINIUK, | ) ) ) ) | Civil No. 21-00109 JMS-KJM |
| | ) | FINDINGS AND |
| Plaintiffs, | ) ) | RECOMMENDATION TO GRANT PLAINTIFFS' PETITION FOR |
| | ) | DETERMINATION OF GOOD |
| vs. | ) | FAITH SETTLEMENT |
| | ) | |
| RANDON WILSON; DORSEY & WHITNEY LLP; CHRISTOPHER G. GLYNN aka CHRISTIAN J. HEMMANN; GEOCURE GLOBAL HIVE COOPERATIVE; PUREHIVE MAUI BEEHAB, LLC; PUREHIVE HAWAIIAN ISLANDS, INC.; PUREHIVE, INC.; JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, and DOE ENTITIES 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

On December 28, 2022, Plaintiffs Keith Baldwin ("Mr. Baldwin"), Ronald

Viloria, Michael W. Hale, and Anna Sawiniuk (collectively, "Plaintiffs") filed

Plaintiffs' Petition for Determination of Good Faith Settlement ("Petition"). ECF

No. 93. On January 11, 2023, Defendants Randon Wilson ("Defendant Wilson")

and Dorsey & Whitney LLP (collectively, "Attorney Defendants") filed a Joinder

1

in Plaintiffs' Petition for Determination of Good Faith Settlement.  ECF No. 96.

The Petition seeks a determination that the settlement between Plaintiffs and

Attorney Defendants ("Settlement Agreement") was made in good faith, barring

any other joint tortfeasor or co-obligor from any further claims against Attorney

Defendants.  ECF No. 93 at 3–4.

The Court elected to decide this matter without a hearing pursuant to Rule

7.1(c) of the Local Rules of Practice for the United States District Court for the

District of Hawaii. After carefully considering the Petition, applicable law, and the

record in this case, the Court FINDS that the settlement between Plaintiffs and

Attorney Defendants is in good faith under Hawaii Revised Statutes Section 663-

15.5 and RECOMMENDS that the the district court GRANT the Petition.

BACKGROUND

The parties and the Court are familiar with the facts and issues in this case.

The Court therefore will only recite those relevant to this Motion.

This action arises from business dealings between Plaintiffs and Defendants

Christopher G. Glynn ("Defendant Glynn"), Geocure Global Hive Coorperative,

Purehive Maui Beehab, LLC, Purehive Hawaiian Islands, Inc., Purehive, Inc.

(collectively, "Defendant Corporations"), and Attorney Defendants.  ECF No. 93

at 6.  Plaintiffs invested funds based on allegedly fraudulent promises made by

Defendant Glynn.  *Id.*  Defendant Wilson allegedly supported Defendant Glynn's

fraudulent scheme. *Id.* Defendant Wilson worked on behalf of Defendant Dorsey &Whiteney LLP at the time of the alleged fraudulent transactions. *Id.* Defendant Wilson received funds from Plaintiffs into his client trust account and then distributed those funds to Defendant Glynn. *Id.*

On January 22, 2021, Mr. Baldwin filed a Complaint against Defendant Dorsey & Whitney LLP in the Circuit Court for the Second Circuit, State of Hawaii. ECF No. 1 at 2. On February 22, 2021, Defendant Dorsey & Whitney LLP removed the case to this court. ECF No. 1. On July 7, 2021, Plaintiffs filed their first Amended Complaint. ECF 20. Plaintiffs' Amended Complaint consists of nine claims involving fraud, misrepresentation, negligence, and breach of fiduciary duty. *See* ECF No. 20 at 20–30.

On October 6, 2021, Defendant Glynn, on behalf of himself and Defendant Corporations, pro se, filed a letter denying all of the allegations. ECF No. 31. Since then, Defendant Glynn has not made any further filings or appearances. ECF No. 93 at 5.

On January 18, 2022 the Court held an early settlement conference with Plaintiffs and Attorney Defendants, but no settlement was reached. ECF No. 48. The parties subsequently entered into the Settlement Agreement. In the Petition, Plaintiffs seek a determination that the Settlement Agreement was made in good faith pursuant to Hawaii Revised Statutes § 663-15.5.

DISCUSSION

A finding of good faith settlement (1) discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where there is a written indemnity agreement, and (4) results in dismissal of all crossclaims against the settling joint tortfeasor, except where there is a written indemnity agreement. *Tansey v. Marriott Hotel Services, Inc.*, CIVIL NO. 19-00231 JAO-WRP, 2020 WL 1495993, *1 (D. Haw. Mar. 10, 2020); *see* Haw. Rev. Stat. § 663-15.5(a),(d).

Whether a settlement is made in good faith is determined by the state of mind of the settling parties, the circumstances that the parties were aware of at the time of settlement, and what might or might not be proven at trial. *Doyle v. Hawaiian Cement*, Civ. No. 08-00017 JMS /KSC, 2009 WL 1687022, *2 (D. Haw. June 15, 2009) (citing *Troyer v. Adams*, 77 P.3d 83, 114, 102 Hawai'i 399, 430 (2003)). This court has previously adopted a nonexclusive list set forth by the Hawaii Supreme Court that considers the "totality of the circumstances" including:

> (1) the type of case and difficulty of proof at trial, e.g., rearend motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or

her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

*Id.*

A settlement agreement is made in good faith when the totality of circumstances show that the settlement was not collusive or aimed at injuring the interests of the non-settling parties. *Tansey*, 2020 WL 1495993, at *2; *Doyle*, 2009 WL 1687022 at *2. The non-settling defendant has the burden to show that the settlement agreement was not reached in good faith. *Tansey*, 2020 WL 1495993, at *2; *See* Haw. Rev. Stat. § 663-15.5(b) ("A nonsettling alleged joint tortfeasor or co-obligor asserting a lack of good faith shall have the burden of proof on that issue.").

The court has reviewed the factors set forth in *Troyer v. Adams* and the terms of the Settlement Agreement. After carefully considering the Petition, the lack of opposition thereto, and the totality of the circumstances, the Court finds that the material terms of the Settlement Agreement meet the purpose of Haw. Rev. Stat. § 663-15.5 and were entered into in good faith.

CONCLUSION

Based upon the foregoing, the Court FINDS that the settlement between Plaintiffs and Attorney Defendants is in good faith under Hawaii Revised Statutes § 663-15.5.  The Court thus RECOMMENDS that the district court GRANT the Petition.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, January 27, 2023.

Kenneth J. Mansfield
United States Magistrate Judge

*Baldwin v. Wilson, et al.*, Civil No. 21-00109 JMS-KJM; Findings and Recommendation to Grant Plaintiffs' Petition for Determination of Good Faith Settlement