IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEITH BALDWIN, RONALD VILORIA, MICHAEL W. HALE, and ANNA SAWINIUK,<br><br>Plaintiffs,<br><br>v.<br><br>RANDON WILSON; DORSEY & WHITNEY LLP; CHRISTOPHER G. GLYNN aka CHRISTIAN J. HEMMAN; GEOCURE GLOBAL HIVE COOPERATIVE; PUREHIVE MAUI BEEHAB, LLC; PUREHIVE HAAIIAN ISLANDS, INC.; PUREHIVE, INC.; JOHN DOES 1–10; JANE DOES 1–10; DOE PARTNERSHIPS 1–10; DOE CORPORATIONS1–10; and DOE ENTITIES 1–10,<br><br>Defendants. | CIV. NO. 21-000109 JMS-KJM<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL UNDER FRCP 41(a)(2), ECF NOS. 104, 106 |

**ORDER GRANTING PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL UNDER FRCP 41(a)(2), ECF NOS. 104, 106**

**I. INTRODUCTION**

In this fraud action removed from the Second Circuit Court of the State of Hawaii, *see* ECF No. 1, Plaintiffs Keith Baldwin, Ronald Viloria, Michael W. Hale, and Anna Sawiniuk (collectively, "Plaintiffs") and Defendants Randon Wilson and Dorsey & Whitney LLP (the "Attorney Defendants") reached a

settlement.  In the Plaintiffs' subsequent petition for determination of good faith settlement under Haw. Rev. Stat. § 663-15.5, they indicated their wish to dismiss Defendant Christopher G. Glynn aka Christian J. Hemmann ("Glynn") and corporate Defendants Geocure Global Hive Cooperative, Purehive Maui Beehab, LLC, Purehive Hawaiian Islands, Inc., and Purehive, Inc. (collectively, the "Hive Defendants"), who were not among the settling Defendants.[1]  ECF No. 97-1 at PageID.688, PageID.701.  A United States Magistrate Judge made findings and a recommendation ("F&R") for a determination of good faith settlement, which the court adopted.  *See* ECF Nos. 101 (F&R), 102 (Order adopting F&R).  Pending the F&R, Plaintiff Baldwin submitted a stipulation to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  The court would not approve the stipulation without the signatures of Glynn and that of the legal representative of the Hive Defendants.  *See* ECF No. 103.  The court thus ordered Plaintiffs to file a motion for voluntary dismissal under Rule 41(a)(2), which is now before the court ("Motion").[2]  *See id.*; *see also* ECF Nos. 104, 106.  Because Glynn and the Hive

---

[1] Pro se Defendant Glynn is the founder of the Hive Defendants, which are not and have never been represented by counsel.  Local Civil Rule 83.5 disallows the appearance of corporate entities without representation by counsel admitted to practice before this court.

[2] On March 7, 2023, Plaintiffs Viloria, Baldwin, Hale, and Sawiniuk filed ECF No. 104; on March 13, 2023, Plaintiff Baldwin filed ECF No. 106.  These are identical motions, and the court refers to them collectively as the "Motion."

2

Defendants have not shown that they will suffer legal prejudice from the settlement or dismissal, the Motion is GRANTED.

## II. BACKGROUND

The parties and the court are familiar with the facts and issues in this case; the court thus recites or repeats only those relevant to the Motion. In sum, Plaintiffs argue there is no prejudice to Glynn or the Hive Defendants because neither Glynn nor anyone representing the Hive Defendants has taken any action in this matter, or appeared for any hearing, conference, or deposition, except for Glynn's "Response to Summons," ECF No. 31, filed over 18 months ago. ECF No. 104 at PageID.742; ECF No. 106 at PageID.748. On March 15, 2023, the Attorney Defendants joined the Plaintiffs' Motion. ECF No. 107.

On March 24, 2023, Glynn, the Hive Defendants and non-party Sylvia Hemmann Global Trust, as Trustee, filed a "Response/Request for Continuance, Counter-Claim, Settlement Offer, or Demand for a Jury Trial." ECF No. 108 ("Response to Motion"). On April 13, 2023, Plaintiffs filed a Reply to the Response to Motion, ECF No. 111, and on April 14, 2023, the Attorney Defendants filed a joinder, ECF No. 113, and a separate Reply, ECF No. 114. *See* ECF No. 109 (EO directing replies to the Response to Motion). The court decides the Motion without a hearing under LR7.1(c).

## III.  **DISCUSSION**

A.  **Rule 41(a)(2) Standard**

In situations where Rule 41(a)(1) does not apply—such as here—Rule 41(a)(2) allows a plaintiff, pursuant to a court order, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time.  *See Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). Decisions regarding motions for voluntary dismissal are left "to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion." *Id*. (citation omitted).  Courts make three determinations in exercising their discretion to allow dismissal: "(1) whether to allow the dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Andrade v. Gaurino*, 2019 WL 3215883, at *2 (D. Haw. July 16, 2019) (quoting *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom*., *Burnette v. Lockheed Missiles & Space Co*., 72 F.3d 766 (9th Cir. 1995)); *see also Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) (reasoning that dismissal with prejudice under Rule 41(a)(2) is a "term[] that the court considers proper").

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)

4

(footnote and citations omitted).  Plain legal prejudice is defined as "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist.*, 100 F.3d at 97.  "Uncertainty because a dispute remains unresolved is not legal prejudice." *Id.*

**B.  Application**

Here, Glynn and the Hive Defendants will not suffer legal prejudice.  The court approved the settlement, ECF No. 102, the terms of which excluded Glynn and the Hive Defendants, *see* ECF Nos. 39, 51, and imposed upon them no obligations.[3]  *See* ECF No. 97-4.  The court adopted the F&R for a determination of good faith settlement, which considered the interests of Glynn and the Hive Defendants as non-settling parties.  ECF No. 102.  A settlement agreement is made in good faith when the totality of circumstances show that the settlement was not collusive or aimed at injuring the interests of the non-settling parties.  *Tansey v. Marriott Hotel Servs., Inc.*, 2020 WL 1495993, at *2 (D. Haw. Mar. 10, 2020) (citing *Troyer v. Adams*, 102 Haw. 399, 415, 77 P.3d 83, 99 (2003)), *report and recommendation adopted*, 2020 WL 1493041 (D. Haw. Mar. 27, 2020).  The non-settling defendant has the burden to show that the settlement agreement was not reached in good faith.  *Id.*, 2020 WL 1495993, at *2; *see also* Haw. Rev. Stat.

---

[3] There is, thus, no "proposed settlement" for Glynn and the Hive Defendants to "reject," as they purport to do in the Response to Motion.  *See* ECF No. 108 at PageID.762.

5

§ 663-15.5(b) ("A nonsettling alleged joint tortfeasor or co-obligor asserting a lack of good faith shall have the burden of proof on that issue."). Neither Glynn nor a legal representative for the Hive Defendants filed an objection to the F&R. Moreover, they have not filed a counterclaim. Their October 6, 2021 "Response to Summons" only indicated their intent to "prepar[e] a counter suit to be filed," ECF No. 31 at PageID.343, but it never materialized (and the deadline to file counterclaims passed long ago, *see* ECF No. 59; Fed. R. Civ. P. 12(a)).[4]

       The court also never authorized Glynn or a legal representative of the Hive Defendants to file a counterclaim, or a supplement thereto, at this late juncture. The court may, "[o]n motion and reasonable notice . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The court may also "permit supplementation even though the original pleading is defective in stating a claim or defense." *Id*. "The court has broad discretion in applying Rule 15(d)." *Quinones v. UnitedHealth Grp. Inc.*, 2016 WL 11593667, at *2 (D. Haw. Aug. 10, 2016). "The legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as the standard for a Rule 15(a) motion to amend." *Id*. (citation and internal quotation marks

---

[4] The Response to Summons alludes to, *e.g.*, breach of contract and conspiracy against Plaintiffs and other third-parties and indicates an intention to seek $40 million in "direct damages" and punitive damages of more than $400 million, plus attorneys' fees. ECF No. 31.

6

omitted). The court may thus deny a motion for leave to file such supplemental pleadings because of such reasons as (1) undue delay, (2) bad faith or dilatory motive on behalf of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party, and (5) futility of the amendment or supplement. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Not all the factors carry equal weight. *Quinones*, 2016 WL 11593667, at *2. "Delay by a party seeking leave to amend a complaint or pleading may not alone foreclose amendment, but if prejudice results to another party, then leave to amend may be denied." *First Sav. & Loan Ins. Corp. v. Alexander*, 590 F. Supp. 834, 839 (D. Haw. 1984). Furthermore, "if the amending party knew or should have known the facts upon which the amendment is based at the time of the original pleading, then leave to amend should be denied unless there is excusable neglect or oversight." *Id*.

   Here, Glynn and the Hive Defendants knew the purported facts to allege in a counterclaim as early as October 6, 2021, but neither Glynn nor any legal representative of the Hive Defendants filed any formal pleading. Even if the court were to construe the Response to Summons as a "formal counter-claim," as Glynn and the Hive Defendants now characterize it 18 months later, ECF No. 108

at PageID.756, such counterclaim, among other assertions in the Response to Motion, are unjustifiably delayed.[5]

After nearly a year of litigation, Plaintiffs and the Attorney Defendants have settled, ECF No. 1 at PageID.2; ECF No. 90, the court has approved the good faith settlement, ECF No. 102, and Plaintiffs wish to dismiss Glynn and the Hive Defendants, ECF No. 97-1 at PageID.688, PageID.701. Accepting the Response to Motion as a pleading or a supplement at this late stage, much less granting a further continuance, *see* ECF No. 108 at PageID.755, would be unduly prejudicial to Plaintiffs and the Attorney Defendants. Likewise, Glynn and the Hive Defendants have failed to show under these circumstances how the approved settlement and dismissal of this action would prejudice them.

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' Rule 41(a)(2) Motion for Voluntary Dismissal and Plaintiffs' action is DISMISSED with prejudice. The Clerk of Court is directed to CLOSE this case.

---

[5] The court, Plaintiffs, and the Attorney Defendants have served Glynn with mailed copies of filings to Federal Correctional Institute Loretto in Cresson, PA. *See* ECF Nos. 89, 91, 100, 108-6, 112. And Glynn has apparently received them. *See, e.g.*, ECF No. 108 at PageID.755 ("We are responding to the [court's] correspondence of February 21, 2023 [(ECF No. 103)]."). Glynn was released from custody on March 27, 2023, *see* Federal Bureau of Prisons "Find an Inmate" (entering "82073-065" in "Find By Number"), https://www.bop.gov/inmateloc/ (last visited April 21, 2023), but he has not provided the court with an updated address as required by LR83.1(e).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 21, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Baldwin, et al. v. Wilson, et al.*, Civ. No. 21-00109 JMS-KJM, Order Granting Plaintiffs' Motion for Voluntary Dismissal Under FRCP 41(a)(2), ECF Nos. 104, 106